UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Anthony Jenkins, | ) C/A No. 4:12-00938-CMC-TER |
| Petitioner, | ) |
| vs. | ) |
| Warden Rivera, | ) Report and Recommendation |
| Respondent. | ) |

Petitioner Michael Anthony Jenkins is a federal inmate housed at Federal Correctional Institution ("FCI") Estill who has submitted this *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Petition in this case without prejudice and without issuance and service of process.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* Petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*,

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

<u>Discussion</u>

Petitioner indicates that he was sentenced in the United States District Court for the Western District of North Carolina on March 19, 2004, to a term of 208 months of imprisonment for the offense of conspiracy "to possess with intent to distribute at least 50 grams of cocaine base," and eighty-four months of imprisonment for "brandishing a firearm during and in relation to a drug trafficking crime." ECF No. 1, page 2. Petitioner filed an appeal of his sentences and convictions, which the Fourth Circuit Court of Appeals affirmed on December 19, 2005. *Id.* Petitioner then filed a petition for a writ of *certiorari*, which the United States Supreme Court denied on April 17, 2006. *Id.* Petitioner asserts that he filed a motion under 28 U.S.C. § 2255, which the sentencing court denied in November of 2006. *Id.* at 2-3. Thus, Petitioner claims that § 2255 is inadequate and ineffective to test the legality of his detention. *Id.* at 3.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982 at *1 (4th Cir. Dec. 22, 2000). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. It is noted that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent

3

to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." The Petition provides no evidence that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change. Instead, Petitioner argues that he should be allowed to proceed under § 2241 because a change in the law allegedly renders his sentence enhancement improper. Specifically, the Petition alleges that the decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), makes it clear that Petitioner's "career offender enhancement was imposed on him without legal justification." ECF No. 1, page 6. However, Fourth Circuit precedent has "not extended the reach of the savings clause to those petitioners challenging only their sentence," *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008)(citing *In Re Jones*, 226 F.3d at 333-34), and "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir 2010). It is further noted that the Fourth Circuit has not held that *Simmons* is retroactive. Moreover, the Supreme Court of the United States has not held that the holding *Carachuri–Rosendo v. Holder*, 130 S.Ct. 2577 (2010), the case on which the holding in *Simmons* is based, is retroactive to cases on collateral review. As Petitioner's claim is insufficient

4

to invoke the savings clause embodied in § 2255, he is barred from proceeding with this habeas corpus action under § 2241.

## Recommendation

Accordingly, it is recommended that the Petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.


April <u>30</u>, 2012  
Florence, South Carolina

<u>s/Thomas E. Rogers, III</u>  
Thomas E. Rogers, III  
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).